(January 14, 1913.)

In the Matter of the Application of J. S. SETTERS for a Writ of Habeas Corpus.

[128 Pac. 1111.]

HABEAS CORPUS—INDETERMINATE SENTENCE—JUDGE CANNOT FIX TERM.

(Syllabus by the court.)

1. Sec. 7034, Rev. Codes, provides a penalty of not less than one year and not more than fourteen years for the offense described in such section.

2. Under the provisions of the indeterminate sentence act of March 11, 1909, every person convicted of a felony or other crime punishable by imprisonment in the penitentiary, except treason and murder in the first degree, if judgment be not suspended or new trial granted, shall be sentenced to the penitentiary as provided by law. The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum provided by law for the crime for which the person was convicted and sentenced. This act also provides that in all cases where the maximum sentence in the discretion of the court may be for life or any number of years, the court imposing the sentence shall fix the maximum sentence, and that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which minimum shall not be less than six months nor more than five years, the release of such persons to be determined as provided in said section.

3. The indeterminate sentence act of March 11, 1909, amends sec. 7034, Rev. Codes, and the term of imprisonment is for not less than one year nor more than fourteen years, the minimum and maximum fixed by said section.

4. Where a person is tried and convicted under sec. 7034, Rev. Codes, and such crime is committed and such judgment entered subsequent to the taking effect of the indeterminate sentence act approved March 11, 1909, and the sentence of the court is, that the defendant be confined in the state penitentiary for a period of not less than three years nor more than five years, upon an application for a writ of *habeas corpus*, where the application is made for release upon the ground that such judgment is void, the sentence should be interpreted in the light of the law upon which it is based, and the minimum fixed by the statute should be read into and considered a part of the sentence and *mittimus*. The minimum term fixed by the statute under which the applicant was prosecuted and sentenced cannot be, and is not, less than one year, as provided by sec. 7034, Rev. Codes.

Original application for writ of *habeas corpus* to discharge the petitioner upon the ground that the judgment and sentence rendered upon conviction is void. Application denied.

W. A. Ricks and Garland Draper, for Petitioner.

"Jurisdiction to render the particular sentence imposed is as essential to its validity as jurisdiction of the person or

subject matter.'' (Church on Habeas Corpus, sec. 362; *Ex parte Cox,* 3 Ida. 530, 32 Pac. 197, 95 Am. St. 29; *Ex parte Justus,* 3 Okl. Cr. 111, 104 Pac. 933, 25 L. R. A., N. S., 483; *Ex parte Gudenoge,* 2 Okl. Cr. 110, 100 Pac. 39; *Ex parte Davis,* 33 Nev. 309, 110 Pac. 1131; *In re Spaulding,* 75 Kan. 163, 88 Pac. 547.)

Under the decision of this court in *Re Chase,* 18 Ida. 561, 110 Pac. 1036, the petitioner's entire term of imprisonment has been without authority of law, and he was entitled to his discharge on *habeas corpus* on the first day of his confinement. (12 Cyc. 782.)

''The sentence must be so complete as to need no construction of a court to ascertain its import, and it cannot be supplemented by a nonjudicial or ministerial officer.'' (*In re Moore,* 14 Ohio C. C. 237; *Ex parte Howard,* 72 Kan. 273, 83 Pac. 1032; *Ex parte McClure,* 6 Okl. Cr. 241, 118 Pac. 591; 15 Am. & Eng. Ency. of Law, 170; *Ex parte Wilkins,* 7 Okl. Cr. 422, 115 Pac. 1118; *People v. Webster,* 92 Hun. 378, 36 N. Y. Supp. 995.)

D. C. McDougall, Attorney General, O. M. Van Duyn and J. H. Peterson, Assistants, for the State.

It is not necessary for the district court to refer at all in his sentence to the minimum or maximum term, and in case a reference is so made the same is surplusage.

A sentence by the court in excess of the minimum or below the maximum is simply voidable, is no part of the judgment, and is separable from the remainder of the judgment. (*Adams v. Barr* (Iowa), 134 N. W. 565.)

When the sentence is legal in one part and illegal in another part, the illegal part, if separable, may be disregarded and the legal part enforced. (*United States v. Pridgeon,* 153 U. S. 48, 14 Sup. Ct. 746, 38 L. ed. 631; *State v. Williams,* 77 Mo. 310; *State v. Feilen* (Wash.), 126 Pac. 75.)

The sentence need not express duration of imprisonment. (*People v. Warden of Sing Sing Prison,* 39 Misc. 113, 78 N. Y. Supp. 907; *Hagenow v. People,* 188 Ill. 545, 59 N. E. 242.)

A sentence under the indeterminate sentence law is to be

interpreted in the light of the statutes upon which it is based, and the maximum punishment fixed by law should be read into and considered a part of the sentence and *mittimus.* (*Ex parte Duff,* 141 Mich. 623, 105 N. W. 138; *People v. State Reformatory,* 148 Ill. 413, 36 N. E. 76, 23 L. R. A. 139; *Miller v. State,* 149 Ind. 607–618, 49 N. E. 894, 40 L. R. A. 109; *People v. Fisher,* 144 Mich. 570, 108 N. W. 280; *State v. Perkins,* 143 Iowa, 55, 120 N. W. 62, 20 Ann. Cas. 1217, 21 L. R. A., N. S., 931.)

Such sentence is valid to the extent that the court had power to impose it although void as to the excess. (*Martin v. District Court,* 37 Colo. 110, 119 Am. St. 262, 86 Pac. 82.)

STEWART, J.—This is an original application for a writ of *habeas corpus* for the release of J. S. Setters, who is confined in the state penitentiary of this state. The facts alleged in the petition are as follows:

That an information was filed in the district court of Shoshone county by the prosecuting attorney of said county on the 20th day of December, 1909, charging Setters with passing a fictitious draft in violation of sec. 7034, Rev. Codes. On the same day the defendant plead guilty to said information and judgment was rendered against said Setters, finding him guilty and sentencing him to confinement in the penitentiary for not less than three nor more than five years; and in said judgment it was recited that said defendant had violated sec. 7034 of the Rev. Codes, and that such sentence was imposed upon Setters because of his violation of said section.

It is also alleged in the petition that the restraint, confinement and imprisonment are illegal and in violation of law, and that the judgment is null and void and of no effect, in that the imprisonment imposed "at not less than three nor more than five years at hard labor in the state penitentiary" is in violation of an act approved March 11, 1909; that such judgment is illegal and void, for the reason that the sentence imposed is indefinite and uncertain, in that it specifies both the maximum and minimum term of imprisonment, which is not within the jurisdiction and authority of law.

To this petition the attorney general filed a demurrer on the general ground that the petition does not state facts sufficient to constitute a cause of relief.

It is the contention of the petitioner that the judgment and sentence imposed by the district court of Shoshone county is null and void, for the reason that the sentence imposed upon petitioner is without authority of law and contrary to law.

The attorney general, on behalf of the state, contends that the sentence imposed by the district court, in excess of the minimum or below the maximum is simply voidable, and that such excess is no part of the judgment, and is separable from the remainder of the judgment.

These respective contentions are to be determined by the consideration of the provisions of the statute upon which the prosecution was based, and the act of March 11, 1909, providing for the indeterminate sentence of persons convicted of certain felonies.

Sec. 7034 provides: "Every person who makes, passes, utters or publishes, with intention to defraud any other person . . . . any fictitious bill, note or check . . . . is punishable by imprisonment in the state prison for not less than one nor more than fourteen years."

Sec. 1 of the act of March 11, 1909, Sess. Laws, 1909, p. 82, provides: "Every person convicted of a felony or other crime punishable by imprisonment in the penitentiary, except treason and murder in the first degree, if judgment be not suspended or new trial granted, shall be sentenced to the penitentiary, as provided by law. The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum provided by law, for the crime for which the person was convicted and sentenced."

This section also contains two provisos: First, "That in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing the sentence shall fix a maximum sentence; second,

"Provided, further, that in all cases when no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which minimum shall not be less than six months nor more than five years, the release of such persons to be determined as hereinafter provided."

These two provisos have no application to the facts of this case, for the reason that the crime charged is based upon sec. 7034, Rev. Codes, which provides a penalty "for not less than one nor more than fourteen years." Thus the minimum and maximum sentence are fixed by the provisions of this statute.

The act of March 11, 1909, amends sec. 7034 as to the term of imprisonment, and fixes such term of imprisonment as follows: "The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum provided by law, for the crime for which the person was convicted and sentenced"; except that in all cases when the maximum sentence in the discretion of the court might be for life or any number of years, the court should fix the maximum sentence; and when no minimum sentence is fixed by law, the court should fix the minimum, which minimum should not be less than six months nor more than five years. By such amendment the power of the court to impose a specified term is transferred from the court to the prison board, and the court had no power to impose a punishment by imprisonment for a violation of sec. 7034, except "for a less term than one year nor for more than fourteen years"; and the court has no power or authority, in imposing a sentence, to fix the limit or duration of the sentence within the minimum and maximum fixed by the statute under which the conviction was had.

Sec. 5 of the act of March 11, 1909, grants power to the prison board to establish rules and regulations under which prisoners within the penitentiary may be allowed to go upon parole outside of the penitentiary, under the control of the prison board, and that no parole shall be granted in any case until the minimum term fixed by law for the offense has expired. Sec. 8 of said act relates to the power of the prison

board to parol and release the prisoners, and applies to all persons now confined in the state penitentiary for felonies other than treason and murder in the first degree, whenever such persons may have served the minimum term fixed by law for the crime for which they were convicted.

This being true, it is apparent that the trial court had the power and authority only to impose a sentence in the present case, as provided by law, for a term of years not less than one and not more than fourteen years.

It is clear, therefore, that the court committed an error in embracing in the judgment a minimum sentence in excess of the provisions of the section of the statute under which the charge and conviction were prosecuted and the judgment entered.

The question then arises, Is the judgment void by reason of the fact that the court fixed the minimum term of the imprisonment at not less than three years, when the law provided that such term should be fixed at ''not less than one year''? Under the statute, the applicant, upon complying with the law of 1909, can secure his release upon parole after the minimum fixed by law for the offense has expired, by complying with the rules and regulations of the prison board, while under the judgment of the court he cannot secure such parole until the expiration of the minimum term fixed by the judgment, to wit, three years.

The trial court evidently intended to impose a penalty in accordance with the provisions of sec. 1 of the act of March 11, 1909, and by mistake fixed a minimum and maximum sentence, in an effort to comply with the provisions of the two provisos in said section, as in all cases where no minimum sentence was fixed by law, the court had the discretion to fix such minimum at not less than six months nor more than five years, and the release of such persons was to be determined as provided in the act, which provision relates to release upon parole, and that such parole should not be granted in any case until the minimum term fixed by law for the offense has expired. By the provisions of sec. 8 of said act, the act is made to relate to the power of the prison board to

parole and release prisoners now confined in the state penitentiary for felonies other than treason and murder in the first degree, whenever such persons shall have served the minimum fixed by law for the crime for which they were convicted. In this case, therefore, under the statute, the right to apply for a parole is authorized upon the expiration of one year from the time of commitment, and the fact that the trial judge fixed the minimum of the term of imprisonment at three years, could not annul the statute or affect the right of the petitioner.

This question was dealt with and considered by this court in the case of *In re Chase,* 18 Ida. 561, 110 Pac. 1036. In that case Chase was convicted of the crime of rape and sentenced to the penitentiary for a term of from five to fifteen years. The crime was committed long prior to the passage and taking effect of the act of March 11, 1909, Laws of 1909, p. 82, and it was claimed in that case that Chase should have been sentenced under the law in force when the crime was committed. Sec. 6768, Rev. Codes, under which Chase was charged, provides that the imprisonment shall be "not less than five years, and the imprisonment may be extended to life." This court held that the prisoner should have been sentenced under the provisions of sec. 6768, and ought to have been given a sentence of not less than five years, and that the judgment was not void, and that until the prisoner had served his term of five years, which may be shortened under the statute by good behavior, he should not be entitled to be discharged on habeas corpus.

In the case of *Adams v. Barr* (Iowa), 134 N. W. 564, the supreme court of Iowa had under consideration a statute similar to the act of March 11, 1909, in connection with a statute which fixed a definite term of imprisonment under which a defendant was convicted, and in that case said, speaking of the indeterminate sentence statute: "By its terms it is provided, as we have already noted, that in imposing judgment of imprisonment in the penitentiary in cases of the kind therein described, the court 'shall not fix the limit or duration of the same'; in other words, in such cases a judgment or

sentence that the defendant 'be imprisoned in the penitentiary according to law' is all that is required, and whatever is added thereto is unauthorized and may be ignored as void or mere surplusage. No reference whatever need or should be made to a minimum or maximum period. When the record shows the offense of which he has been convicted, and that he is adjudged to suffer imprisonment in the penitentiary, the statute controls the period or term of his restraint, and it is to this statute and not to the mittimus, to which the warden must look to ascertain the period of time for which he may keep him in custody. It follows that the first proposition advanced by the appellant cannot be sustained.''

The foregoing case applies directly to the case at bar, and the warden of the state penitentiary is not bound by the commitment as to the term of imprisonment and neither is the state board of pardons, but they may look to the law or statute governing the judgment and referred to in the commitment. The court, it clearly appears, has jurisdiction of the person and cause of action, and the sentence was the result of the conviction under such statute, and under the provisions of the act of March 11, 1909, where the record shows the offense of which the petitioner was convicted, and he is adjudged to suffer imprisonment in the penitentiary, the statute controls the period or term of his restraint, and to the statute the warden may look to ascertain the period of time he may keep him in custody.

The supreme court of Michigan, in the case of *Ex parte Duff*, 141 Mich. 623, 105 N. W. 138, in discussing a similar question, refers to a former decision of the same court, *In re Campbell*, 138 Mich. 597, 101 N. W. 826, and says: ''In the case at bar the trial judge fixed the minimum term of imprisonment, and, striking out the provision for a maximum term, the sentence was a lawful sentence. The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, what food he should eat or when he should be paroled. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly

legal sentence remain. There is no more necessity to look beyond the sentence to determine the full extent and scope than in the Campbell case, *supra*. In that case the sentence was to confinement in the Detroit House of Correction for a period 'not less than one year,' fixing no maximum term. It is necessary in all such cases to refer to the statute to determine the maximum term, since that is fixed by the statute and need not be referred to in the sentence at all. The sentence need only be consulted for the determination of the minimum term. A sentence under the indeterminate sentence law is to be interpreted in the light of the statute upon which it is based, and the maximum imprisonment fixed by law should be read into it and considered a part of the sentence and *mittimus*.''

So, in the present case, the petitioner having been found guilty and sentenced to the penitentiary under the indeterminate sentence law of March 11, 1909, the sentence is to be interpreted in the light of the law upon which it is based, and a minimum fixed by the statute should be read into and considered a part of the sentence and mittimus, and the minimum term fixed by the statute under which the petitioner was prosecuted and sentenced is, not less than one year, as provided by sec. 7034, Rev. Codes.

To the same effect: *Miller v. State,* 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *People v. Fisher,* 144 Mich. 570, 108 N. W. 280; *State v. Perkins,* 143 Iowa, 55, 120 N. W. 62, 20 Ann. Cas. 1217, 21 L. R. A., N. S., 931; *People v. Superintendent of State Reformatory,* 148 Ill. 413, 36 N. E. 76, 23 L. R. A. 139.

The authorities generally in passing upon such questions have followed the rule announced in *In re Chase,* 18 Ida. 561, 110 Pac. 1036, and approved the rule that a punishment in excess of the power of the court to impose is void only as to the excess, and is valid to the extent that the court had power to impose under the statute under which the party is convicted.

So, in the present case, the court having adjudged the petitioner guilty under the provisions of sec. 7034, Rev. Codes, and having sentenced the petitioner to imprisonment in the

state penitentiary, the term of imprisonment having been fixed by the statute, to wit, at not less than one year nor more than fourteen years, subject to the conditions and limitations fixed by the act of March 11, 1909, the minimum and maximum fixed in the judgment and commitment of the trial judge is surplusage, and has no force or effect and is no part of the judgment sentencing the petitioner to the state penitentiary, as provided by the law—that is for a term of not less than one year and not more than fourteen years. For these reasons the application is denied and the writ quashed, and the petitioner is remanded to the care and custody of the warden of the state penitentiary.

Ailshie, C. J., and Sullivan, J., concur.