(January 31, 1917.)

STATE, Respondent, v. WILLIAM W. LOTTRIDGE, Appellant.

ON REHEARING.

[162 Pac. 672.]

(Opinion on original hearing, 29 Ida. 53, 155 Pac. 487.)

CRIMINAL LAW—EMBEZZLEMENT OF BANK CREDIT BY CASHIER—INFOR-
MATION—INDETERMINATE SENTENCE LAW—ERROR IN FORM OF SEN-
TENCE.

1. Under the indeterminate sentence law of this state (Sess. Laws 1899, p. 82), any attempt by the trial court to fix a maximum sentence in a criminal case, where such sentence is fixed by law, is

surplusage, and it is not reversible error where the trial court fixed a sentence at not less than one year and not more than 14 years, when the statute fixes the maximum penalty at 20 years' imprisonment.

[As to sentences differing from those allowed by law, see note in 55 Am. St. 264.]

APPEAL from the Sixth Judicial District for Lemhi County. Hon. J. M. Stevens, Judge.

Appellant convicted of embezzlement of bank credit. *Affirmed.*

Stevens & Clute and E. W. Whitcomb, for Appellant.

T. A. Walters, Attorney General, Herbert Wing, Asst. Attorney General, W. H. O'Brien and H. C. Cherry, for Respondent.

DAVIS, District Judge.—The law defining the offense charged in this case may be summarized as follows: Every cashier of a bank who fraudulently appropriates any of the credits, evidences of debt or other property of the bank, or who secretes such credits, evidences of debt or other property with a fraudulent intent to appropriate it to any use or purpose not in the due and lawful execution of his trust, is guilty of embezzlement.

The defendant claims apparently that the words "credit" and "overdraft," as used in the information, import something intangible, such as a status, indebtedness or relation, but that in any event it would not be the subject of embezzlement, because it could not be taken, secreted or destroyed.

Of course, the status, indebtedness or relation between a bank and its customer would not be changed in contemplation of law by the taking, secreting or destroying of any check, draft, order, other paper or record that may cause an overdraft, but as a practical matter such act might destroy the value thereof and the possibility of realizing thereon by re-

moving the evidence of the status, indebtedness or relation from the use or control of the party entitled thereto. And this the law seeks to penalize. A check, draft or order which is honored by a bank when the books of the bank show that the account of the depositor is thereby overdrawn, may create an overdraft. And such check, draft or order, or any written record of such overdraft which amounts to primary evidence thereof, is a "credit," an "evidence of indebtedness" and "property" subject to embezzlement, within the meaning of the law. The books and papers of a bank, and the writing and other marks thereon and contents thereof which amount to records, are "property," and the fraudulent changing, secreting or destroying of such records by a cashier may amount to an appropriation of such property to a use or purpose not in the due and lawful execution of his trust.

The information filed in this case has been carefully examined, and it appears that the defendant was charged in apt language with the offense of embezzlement, and that the facts alleged in such information were sufficiently specific to give him such information as was necessary for him to understand and meet the charge.

Under the indeterminate sentence law of this state, as interpreted in *In re Setters*, 23 Ida. 270, 128 Pac. 1111, any attempt by the trial court to fix a maximum sentence, where such sentence is fixed by law, is surplusage. It is not reversible error, therefore, because the trial court fixed the sentence in this case as not less than one year and not more than fourteen years, whereas the statute fixes the maximum penalty as twenty years' imprisonment.

What appears to be the record in this case has been examined in order to determine whether or not there was any evidence to sustain the verdict against the defendant, and this court is of the opinion that such record discloses such evidence.

The judgment heretofore rendered herein is affirmed.

RICE, J., Concurring.—I concur in the conclusion reached that the judgment must be affirmed, but I am unable to concur in some of the views expressed in the foregoing opinion.

The law under which the appellant was charged and convicted (sec. 60, Sess. Laws 1911, p. 404) provides that "every . . . . cashier . . . . who embezzles . . . . any moneys, funds, credits or other property of the bank or company and owned by it . . . . upon conviction thereof shall be imprisoned in the state prison not to exceed twenty years."

This statute contains no definition of the word "embezzle." In order to determine the charge against appellant contained in the information, it is necessary to turn to sec. 7065, Rev. Codes, where embezzlement is defined as follows: "Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted."

Sec. 7068, Rev. Codes, has no application to the case under consideration.

The charge in the information is that the appellant feloniously did embezzle, steal, take, appropriate and convert to his own use a credit belonging to the bank of which he was cashier, such credit consisting of an overdraft in the personal account of appellant. In other words, appellant was charged with embezzling his own overdraft with the bank of which he was cashier.

As applied to banks an overdraft arises when a bank at the request of the depositor, express or implied, pays out money in excess of his deposit. From the standpoint of the bank an overdraft is a credit and from the standpoint of the depositor an overdraft is a debt. Considered as property it is the right which the bank has to be repaid the amount of money represented by the overdraft. It is a right of action. The check, draft or order which was honored by the bank in creating the overdraft and the books and papers of the bank are mere evidences by which the overdraft may be established, but are not the overdraft and are not the species of property referred to in the information. Being

intangible, is it such property as may be the object of embezzlement? The difficulty arises from the intangibility of the property and the relation of the appellant to it as being both the debtor and the person intrusted with the custody and control of the debt.

I am constrained to the view that, under certain circumstances, a cashier might hold his own overdraft adversely to the bank, and in effect deprive the bank of its use. It is true he could not pay the debt and finally deprive the bank of its right of action, but a distinct act of taking is not necessary to constitute embezzlement (Rev. Codes, sec. 7071), and embezzlement in the case of intangible property may, in a sense, consist in a mere act of the mind of fraudulent appropriation without any outward or visible trespass. (*State v. Baumhager*, 28 Minn. 226, 9 N. W. 704.)

Since the record of the proceedings of the trial are not before this court, and cannot be reviewed, and the only question is as to whether the information states a public offense, I concur in the conclusion that the judgment must be affirmed.

MORGAN, J., Concurring.—I am agreed with the view expressed by Mr. Justice Rice to the effect that sec. 7068, Rev. Codes, has no application in this case. Otherwise I adhere to the views expressed in our former opinion, 29 Ida. 53, 155 Pac. 487.