In the Matter of the Application of KARL ERICKSON for a Writ of Habeas Corpus.

[260 Pac. 160.]

CRIMINAL LAW—INDETERMINATE SENTENCE LAW—MAXIMUM TERM OF IMPRISONMENT GOVERNED BY STATUTE.

> As to an offense committed after enactment of the indeterminate sentence law, C. S., sec. 9035, and falling within its terms, sections 8079, 8080, as to sentencing, so far as inconsistent with it, are impliedly repealed, and portion of sentence fixing maximum term of imprisonment at less than maximum provided for the offense by statute is surplusage.

PETITION for a Writ of Habeas Corpus. Writ quashed.

J. R. Smead and Martin & Martin, for Petitioner.

In Idaho, every felony must be the subject of an indeterminate sentence. (C. S., sec. 9035.) Under the indeterminate statute the punishment for every felony is "left undetermined between certain limits"; that is the express purpose of the indeterminate sentence statute.

By the terms of another statute, in such case the trial court *must* determine the sentence, within such limits as the law may otherwise prescribe, that is, within the limits prescribed by the statute which defines the offense. (C. S., sec. 8080.)

C. S., secs. 8079 and 8080, have not heretofore been called to the court's attention when the indeterminate sentence statute was under consideration. (*Matter of Setters,* 23 Ida. 270, 128 Pac. 1111; *State v. Lottridge,* 29 Ida. 822, 162 Pac. 672; *State v. Grant,* 26 Ida. 189, 140 Pac. 959.)

Publisher's Note.

See Criminal Law, 16 C. J., sec. 3223, p. 1369, n. 27, p. 1370, n. 35.

Statutes which relate to the same subject matter should be construed together and effect given to each. (36 Cyc. 1146, 1147.)

It will not be presumed that the legislature intended to leave on the statutes two contradictory enactments. (*State v. Givens*, 48 Fla. 165, 37 So. 308.)

C. S., sec. 8080, not only grants the power, but makes it the duty of the trial judge, to determine the punishment to be imposed under a statute, such as section 5316, which leaves that punishment undetermined between certain limits.

"All parts of the code adopted as a whole must be construed together with a view to harmonizing each. This is particularly true where we have different statutes relating to the same subject. And such statutes should be regarded, not as prior or subsequent acts, but as simultaneous expressions of the legislative will." (36 Cyc. 1167, and authorities there cited.)

"Statutes relating to the same subject matter are to be construed together in ascertaining the meaning of any particular statute of such group." (Brill's Ency. Crim. Law, sec. 72 and authorities cited.)

Where two clauses or phrases of a statute are seemingly in conflict, the later clause is held to prevail over the earlier clause. (*Ex parte Thomas*, 113 Ala. 1, 21 So. 369; *In re Roberts*, 157 Cal. 472, 108 Pac. 315.)

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

In so far as C. S., secs. 8079 and 8080, are inconsistent with sec. 9035, they are repealed by implication. (8 Cal. Jur., Crim. Law, sec. 483; *Ex parte Lee*, 177 Cal. 690, 171 Pac. 958; Kerr's Penal Code, secs. 12, 13 and 1168.)

Where two inconsistent statutes are carried forward in a code, the one last passed prevails. (25 R. C. L. 926.)

Sections 8079 and 8080 are continued in the code only for the purpose of covering those instances where the facts

occurred prior to the passage of the indeterminate sentence act. (*Ex parte Lee, supra.*)

The maximum sentence as fixed by law, except where it is for life or a term of years, cannot be lessened by the court. (C. S., sec. 9035; *State v. Lottridge,* 29 Ida. 822, 162 Pac. 672; *In re Setters,* 23 Ida. 270; *State v. Miller,* 95 Kan. 310, 147 Pac. 844; *State v. Perkins,* 143 Iowa, 55, 20 Ann. Cas. 1217, 120 N. W. 62; *People v. Mendosa,* 178 Cal. 509, 173 Pac. 998; *People v. Purio,* 49 Cal. App. 685, 194 Pac. 74; *In re Campbell,* 138 Mich. 597, 101 N. W. 826; *In re Duff,* 141 Mich. 623, 105 N. W. 138.)

A sentence under the indeterminate sentence law is in effect a sentence for the maximum term prescribed by law. (*In re Lee, supra; State v. Empey,* 65 Utah, 609, 44 A. L. R. 558, 239 Pac. 25.)

BUDGE, J.—Petitioner filed in this court an original petition for a writ of *habeas corpus* in which, among other things, he alleges that he is unlawfully imprisoned, detained, confined and restrained of his liberty by the warden of the state penitentiary; that said imprisonment, detention and restraint are illegal in this, that he, the petitioner, was heretofore charged by information of the prosecuting attorney of Shoshone county with a violation of the provisions of C. S., sec. 5316, to which charge in said information contained he entered a plea of guilty, and that thereupon and pursuant to said plea of guilty the court pronounced judgment and sentence upon him that he be confined in the state penitentiary for a period of not less than one year nor more than fourteen months and that he pay a fine of $200, and that if said fine should not be paid he be further imprisoned in said state penitentiary until said fine should be discharged at the rate of $2 per day. It further appears from the allegations of the petition that petitioner has served the maximum term of imprisonment imposed, less time earned for good behavior, and paid the fine imposed by serving the required length of time at the rate of $2 per day.

To the petition a demurrer was filed on behalf of the warden of the penitentiary, in which it is alleged that the petition does not state facts sufficient to entitle petitioner to the relief sought or to any relief whatever and does not set forth facts sufficient to show that petitioner is entitled to the granting of the writ of *habeas corpus* prayed for, or to entitle him to be discharged from said state institution.

The question raised is whether or not the trial court had authority to fix a maximum sentence different from that fixed by C. S., sec. 5316; said section providing that any person committing an offense therein named shall be deemed guilty of a felony, and upon conviction thereof "shall be fined not less than $200 nor more than $10,000, and shall be imprisoned for not less than one year nor more than 10 years in the state penitentiary." Upon petitioner's plea of guilty to the commission of an offense within this section, the district court, in passing sentence, fixed the minimum imprisonment at one year but reduced the maxium imprisonment from ten years to fourteen months, and imposed a definite fine of $200.

Petitioner contends that C. S., secs. 8079, 8080 and 9035, are all involved and are here for interpretation.

C. S., sec. 8079 provides:

"The several sections of this code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed."

C. S., sec. 8080 provides:

"Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code."

The two foregoing sections, enacted by the territorial legislature in 1865, are identical with the California statutes on this subject and no doubt were taken from the California Penal Code. (Kerr's Penal Code of California, secs. 12 and 13.)

C. S., sec. 9035, known as our indeterminate sentence law, first enacted in 1909 (Sess. Laws 1909, p. 81), reads as follows:

"When any person shall be convicted of a felony, except treason or murder in the first degree, the punishment for which, as prescribed by law, may be imprisonment in the state penitentiary, the court imposing sentence shall not fix a definite term of imprisonment but shall fix a minimum term of imprisonment which shall not be less than the minimum prescribed by law, nor less than six months in any case.

"The maximum penalty provided by law shall be the maximum sentence in all cases, except as herein provided, and shall be stated by the judge in passing sentence.

"The maximum term of imprisonment shall not exceed the longest term fixed by law for the punishment of the offense of which the person sentenced is convicted, and the minimum term of imprisonment fixed by the court shall not exceed one-half of the maximum term of imprisonment fixed by statute: Provided further, That in all cases when the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing the sentence shall fix a maximum sentence. The release of such person shall be determined as provided in sections 9220 to 9226."

The title of the so-called indeterminate sentence law, as enacted in 1909, reads as follows:

"An Act to provide for the indeterminate sentence of persons convicted of certain felonies, for the termination of such sentence and the release of such persons; creating a prison board, and defining the duties thereof."

From a reading of the act and the title, and having in mind the purposes sought to be attained by the legislature thereby, we are of the opinion that no other conclusion can be reached than that it was the intention of the legislature to provide for and determine the maximum duration of sentences to be imposed upon persons convicted of certain fel-

onies, and to place with what is now the board of pardons the termination of such sentences. If we are correct in our interpretation of the foregoing statute, after its enactment all offenses falling within its terms are controlled by the provisions of said section, and as to such offenses C. S., secs. 8079 and 8080, were, so far as inconsistent with C. S., sec. 9035, repealed by implication and would have no application to offenses committed and convictions had after the enactment of the indeterminate sentence law. (8 Cal. Jur., p. 466, sec. 483; *Ex parte Lee,* 177 Cal. 690, 171 Pac. 958.)

The offense in the instant case having been committed after the enactment of the indeterminate sentence law, the district court was without authority to fix a maximum term of imprisonment otherwise than according to the statute, and that portion of the judgment fixing any other or different term of imprisonment from that fixed by the statute was but mere surplusage. (*Matter of Setters,* 23 Ida. 270, 128 Pac. 1111; *State v. Miller,* 95 Kan. 310, 147 Pac. 844.)

The demurrer to the petition is sustained and the writ quashed.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

TAYLOR, J., Concurring Specially.—I concur in all that is said except that I find no inconsistency between sections 8079 and 8080, C. S., and section 9035, C. S.

Givens, J., concurs.