236 P.2d 1004

**STORSETH v. STATE.**

No. 7759.

Supreme Court of Idaho.

Oct. 22, 1951.

Robert E. Smylie, Atty. Gen., Blaine F. Evans, William H. Bakes, Asst. Attys. Gen., for appellant.

E. L. Miller, Coeur d'Alene, for respondent.

TAYLOR, Justice.

On December 27, 1949, in Kootenai County, the petitioner, Robert Storseth, 19, entered a plea of guilty of the crime of rape, committed against the person of a female under the age of 18 years, to-wit, of the age of 17 years. On December 29, 1949, the district judge, Honorable O. C. Wilson, adjudged the defendant guilty and fixed the penalty as follows: "It is hereby ordered, adjudged and decreed that it is the judgment of this Court that you, Robert Storseth, having entered your plea of guilty to the crime of rape, that you are guilty as charged in the Information, and it is the further judgment of the Court that you be delivered to the Sheriff of Kootenai County, State of Idaho, and that thereafter you be delivered by him to the Warden of the State Penitentiary at Boise, County of Ada, State of Idaho, and by him there confined for a period of not more than one (1) year at hard labor."

The statute providing punishment for rape is as follows: "Rape is punishable by imprisonment in the state prison not less than one year, and the imprisonment may be extended to life in the discretion of the District Judge, who shall pass sentence." § 18–6104, I.C.

The petitioner was received at the state penitentiary on January 1, 1950. After serving the year provided for in the judgment the warden continued to hold him in custody. On February 5, 1951, the respondent by petition to the district court of Ada County procured a writ of habeas corpus, and after return thereto and hearing had, the district court, Honorable Charles E. Winstead, District Judge, determined that the detention of the prisoner by the warden was unlawful and ordered the warden to release him from custody. From that order the warden appeals.

By his return to the writ the warden claims the right to continue the imprisonment of the petitioner under the provisions of § 19–2513, I.C. So far as pertinent here this section provides: "The minimum period of imprisonment in the penitentiary

heretofore provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished. Whenever any person is convicted of having committed a felony, the court shall, unless it shall suspend judgment and sentence and parole offenders as provided by Chapter 26 of Title 19, Idaho Code, as amended, or unless it shall impose the death sentence as provided by law, sentence such offender to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in such judgment and sentence the maximum term of imprisonment provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence; * * *."

It is urged that § 18–6104 provides a maximum of life imprisonment and that by § 19–2513 the district judge was required to state and fix in his judgment and sentence the maximum term of life imprisonment as thus provided. In support of this contention we are cited: State v. Lottridge, 29 Idaho 822, 162 P. 672; In re Erickson, 44 Idaho 713, 260 P. 160. In those cases the court held that where the maximum sentence for the particular crime is fixed by the legislature, the court in pronouncing judgment cannot fix a lesser maximum, and that a provision in the judgment of the court attempting to fix a maximum less than that fixed by the legislature

is surplusage, and the judgment is to be treated as one for imprisonment for the maximum fixed by the statute.

Prior to its amendment in 1947, § 19–2513 (after providing that the court shall fix the minimum term, and that the maximum term in all cases shall be the maximum provided by law) contained the following provision: " * * * provided further, that in all cases when the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing the sentence shall fix a maximum sentence." S.L.1909, p. 82, S.L. 1911, p. 665, § 19–2413, I.C.A.

■■■ This provision was omitted from the section by the 1947 amendment. Appellant urges that such omission, by implication, effected the repeal of that part of § 18–6104, I.C. providing for the exercise of discretion by the district judge, so that the section should be construed as fixing the maximum sentence at life imprisonment. The law does not favor repeal by implication. Where earlier and later acts are not necessarily in conflict, and may be reconciled by reasonable construction, no repeal results. Jeffreys v. Huston, 23 Idaho 372, 129 P. 1065; Brady v. Place, 41 Idaho 747, 242 P. 314, 243 P. 654; State v. Martinez, 43 Idaho 180, 250 P. 239; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; State ex rel. Good v. Boyle, 67 Idaho 512, 186 P. 2d 859; John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359.

There is no direct conflict between the provisions of § 18–6104, I.C. and § 19–2513, I.C. They are not in conflict, and each can be given full effect without inconsistency.

Therefore, § 18–6104 is to be given effect according to its terms. The legislature did not itself fix the maximum term for rape, but in specific terms left the fixing of the maximum "in the discretion of the District Judge, who shall pass sentence." Confirming this view, we note that neither in the constitution nor statutes defining the powers and duties of the board of pardons or the state board of corrections is there any power given to the board to fix the maximum term of imprisonment. Its authority to parole, remit, commute or pardon, has to do with the exercise of the sovereign power of clemency, not with the authority to pronounce judgment.

In the 1947 amendment of § 19–2513, I.C., the legislature specifically abolished the statutory minimum period of imprisonment in the penitentiary. This struck from § 18–6104 the minimum of "not less than one year." The result is that the judgment and sentence pronounced by the district court in this case fixes the maximum term of imprisonment at one year.

The order appealed from is affirmed.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.