299 P.2d 1103

Ronald D. SPANTON, Plaintiff-Appellant,

v.

L. E. CLAPP, Chairman of the Idaho State Board of Correction and Warden of Idaho State Penitentiary, Defendant-Respondent.

No. 8441.

Supreme Court of Idaho.

July 20, 1956.

Karl Jeppesen and Frank E. Chalfant, Jr., Boise, for appellant.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, T. J. Jones, III, Asst. Attys. Gen., for respondent.

TAYLOR, Chief Justice.

Appellant was convicted of the crime of issuing a check without funds § 18–3106, I.C., in the district court of the Eighth Judicial District. By the judgment of that court, dated September 23, 1953, appellant was sentenced to the state penitentiary for "a period not exceeding one (1) year" and to pay a fine of $1,000. The judgment further provided "that the sentence is here-

by suspended and you are hereby paroled to E. J. Beaton, District Parole Officer, on the following conditions:" (Conditions stated.)

The probation was thereafter revoked by the district court and appellant was committed to the state penitentiary where he was received and began serving his sentence on January 29, 1954. The $1,000 fine was remitted by the state board of correction in October, 1954. December 1, 1954, appellant was paroled. October 24, 1955, the parole was revoked by the board for violation of its terms and appellant was recommitted. February 3, 1956, appellant was granted a writ of habeas corpus by the district court of the Third Judicial District. After hearing thereon, judgment was entered quashing the writ and remanding appellant to the custody of respondent. This appeal is from that judgment.

Respondent contends that, since the statute, § 18–3106, I.C., fixes the penalty at "imprisonment in the state prison not exceeding five years," the district court was required by the indeterminate sentence law, § 19–2513, I.C., to enter judgment of imprisonment for the maximum of five years; that the portion of the judgment fixing the penalty at one year is properly regarded by the board as surplusage; and that respondent must look to the statute to determine the period of imprisonment authorized by the judgment. In support of this position respondent cites: Matter of Setters, 23 Idaho 270, 278, 128 P. 1111; State v. Lottridge, 29 Idaho 822, 162 P. 672; In re Erickson, 44 Idaho 713, 260 P. 160.

It was early held by this court that the power to define crimes and prescribe penalties belongs to the legislative department of government; that the power to try offenders, and to enter judgments convicting and sentencing those found guilty, belongs to the judicial department; that the power and prerogative of granting pardons, paroles or commutations belong to the executive department. In In re Prout, 12 Idaho 494, 86 P. 275, 276, 5 L.R.A.,N.S., 1064, it was said:

"The board of pardons belongs to the executive department of the state, and its privilege and prerogative is that of granting clemency. It is a board of clemency, rather than a punitive body. Instead of pronouncing judgment and sentence, and imposing punishment, its prerogative and authority is that of forgiving offenses and remitting penalties,—wiping out judgments and sentences of conviction either in whole or in part. Whenever such board undertakes to increase or extend the penalty or punishment imposed upon a convict by a decree of court, they at once pass beyond the realm of their jurisdiction and authority, and infringe upon the judicial power of the state."

238

Section 7, Article 4, of the constitution, which provides for the board of pardons and for the exercise of the power of clemency, specifically provides: " * * * Said board, or a majority thereof, shall have power to remit fines and forfeitures, and to grant commutations and pardons *after conviction and judgment,*" (emphasis added). This is a constitutional recognition of the authority of the courts in the sphere of conviction and judgment, as well as a limitation of the power of the board to the period following the entry of judgment.

" * * * neither in the constitution nor statutes defining the powers and duties of the board of pardons or the state board of corrections is there any power given to the board to fix the maximum term of imprisonment. Its authority to parole, remit, commute or pardon, has to do with the exercise of the sovereign power of clemency, not with the authority to pronounce judgment." Storseth v. State, 72 Idaho 49, 236 P.2d 1004, 1005.

See also, State v. Evans, 73 Idaho 50, at page 60, 245 P.2d 788.

 Assuming the judgment is erroneous because of the failure of the district judge to pronounce the maximum sentence, it is not void. State v. Poynter, 34 Idaho 504, 205 P. 561, 208 P. 871; In re Bottjer,

45 Idaho 168, 260 P. 1095; In re Jennings, 46 Idaho 142, 267 P. 227; People v. Conley, 27 Cal.App. 362, 150 P. 412, 150 P. 413; Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510, 70 A.L.R. 819; Gamron v. Jones, 148 Neb. 645, 28 N.W.2d 403; Smith v. Commonwealth, 195 Va. 297, 77 S.E.2d 860. See also, State v. Ryan, 146 Wash. 114, 261 P. 775; State ex rel. Plumb v. Superior Court, 24 Wash.2d 510, 166 P.2d 188; 24 C.J.S., Criminal Law, § 1589; 15 Am.Jur., Crim. Law, § 473. If erroneous, it was subject to correction on timely motion by the state in the court where entered, or on appeal from an adverse ruling on such motion. §§ 19–2801, 19–2804, I.C.

If the board could extend the sentence pronounced, by application of the statutory penalty after the commitment, the accused could lose the right to have his conviction reviewed by failing to appeal because of his reliance upon the lesser sentence actually entered.

Appellant contends that the judgment as entered constitutes a commutation of the five years sentence to one year in the penitentiary; and that the district judge is authorized to so commute the sentence by the statute, § 19–2601, I.C., which, in pertinent part, is: " * * * the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if the defendant is of proper age, in the State Industrial School, * * *."

This provision was amended by the 1943 Session Laws, Chap. 14. Prior to that amendment, the word "and" appeared in the above quoted portion of the statute, following the word "sentence" and before the word "confine". By the 1943 amendment the "and" was eliminated and a comma supplied in its place.

Countering appellant's contention, the respondent urges that no change was intended by the legislature since no omission was indicated by asterisks in the 1943 session laws; that this court should read the "and" into the present section, and construe it as limiting the power of the district court to commute a sentence to the county jail or industrial school.

In view of our conclusion that the judgment is valid for the stated period of one year, if erroneous, was subject to correction in the district court, we do not deem it necessary to determine the issue as to the 1943 amendment.

The judgment having become final, no timely proceedings having been taken to correct it, and the board having no authority to correct it or extend the sentence thereunder, the plaintiff must be discharged. The cases relied upon by respondent, Matter of Setters, supra, State v. Lottridge, supra, and In re Erickson, supra, insofar as they are in conflict herewith, are overruled.

The judgment appealed from is reversed and the cause is remanded with directions to the trial court to enter judgment directing respondent to release appellant, conformable to the order of this court entered July 17, 1956.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.