538 P.2d 778

Gay Dean **STANDLEE, Plaintiff-Appellant,**

v.

The **STATE** of Idaho, **Defendant-Respondent.**

**No. 11774.**

Supreme Court of Idaho.

Aug. 5, 1975.

Jay D. Sudweeks of May, May, Sudweeks & Fuller, Twin Falls, for plaintiff-appellant.

Wayne Kidwell, Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, for defendant-respondent.

DONALDSON, Justice.

In August of 1973, appellant Gay Dean Standlee pled guilty to the reduced charges of voluntary manslaughter and assault with intent to commit murder. He was subsequently sentenced to the custody of the Idaho State Board of Corrections for a period not to exceed ten years on the manslaughter charge and for a period not to exceed ten years on the assault charge. The terms were to run concurrently. An appeal of the sentence was taken to this Court in Supreme Court No. 11487 and is reported at 96 Idaho 165, 525 P.2d 360 (1974).

In February of 1974, a motion for post-conviction relief was filed in the Fifth Judicial District Court in Jerome County. The motion challenged the constitutionality of I.C. § 20–223,[1] which requires a prisoner

---

1. "I.C. § 20–223. Parole, rules and regulations governing—Offenses not parolable.—The state board of correction shall have the power to establish rules and regulations under which any prisoner, excepting any under sentence of death, may be allowed to go upon parole but to remain while on parole in the legal custody and under the control of the board and subject to be taken back into confinement at the direction of the board; provided, however, that no person serving a life sentence shall be eligible for release on parole until he has served at least ten (10) years. No person serving sentence for any of the following crimes: homicide in any degree, treason, rape where violence is an element of the crime, robbery of any kind, kidnapping, burglary when armed with a dangerous weapon, assault with intent to kill, or murder in the second degree, shall be released on parole before he has served at least one-third (⅓) of his sentence. * * * Before ordering the parole of any prisoner, the board shall have the prisoner appear before it and shall interview him. A parole shall be ordered only for the best interests of society, not as a reward of clemency. It shall not be considered to be a reduction of sentence or pardon. A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes that he is able and willing to fulfill the obligations of a law abiding citizen. The board may also by their rules and regulations fix the times and conditions under which any application denied shall be reconsidered.

to serve one-third of his sentence, if convicted of certain named crimes, before he is eligible for parole. An answer was filed by the prosecuting attorney of Jerome County in March of 1974. On November 1, 1974, the district court entered its judgment in which it dismissed the appellant's motion for post-conviction relief.

This appeal is taken from the dismissal of the motion and refusal of the district court to declare I.C. § 20–223, as applied to appellant, unconstitutional.

On appeal Standlee contends that the district court erred when it failed to find I.C. § 20–223 unconstitutional. The appellant argues that the statute is unconstitutional because it violates the doctrine of separation of powers among the branches of government, it is based on an unreasonable classification resulting in a denial of equal protection of the laws, and it violates the requirement of Article III, Section 16 of the Idaho Constitution that each act cover but one subject.

The appellant's first assignment of error contends that the enactment by the legislature of the statute at issue violates the provisions as to separation of powers found in Article II, Section 1 of the Idaho Constitution. That Article provides that no branch of government may exercise power properly charged to another branch of government. The appellant's position is that Article IV, Section 7 of the Idaho Constitution grants only the executive branch of government the power of determining parole and therefore appellant argues that since only the executive branch, i. e. the Board of Corrections, can grant parole, the legislative branch cannot limit the discretion of the Board as it claims to do with I.C. § 20–223. We reject this argument.

The Idaho Constitution provides that the Board, or a majority thereof "shall have power to remit fines and forfeitures, and to grant commutations and pardons after conviction and judgment." On the other hand, the legislature has the power to define crime and fix punishment subject to the constraints discussed in *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971). *See also Malloroy v. State,* 91 Idaho 914, 435 P.2d 254 (1967). So the issue is whether parole is a form of commutation and pardon or a part of punishment.

This is a case of first impression for this Court. Certain cases [2] offered by appellant contain language that could be interpreted as holding parole to be synonymous with pardon and commutation. However, those cases dealt either with the issue of whether the Board could extend a sentence beyond that announced by the sentencing judge (it cannot) or with the issue as to whether the Board may exercise discretion in refusing to grant a timely request for parole (it can). That authority is not dispositive of the issue now before the Court.

 Our analysis of both the historic development and the present usage of parole leads us to conclude that the limitations on parole established by the legislature

---

The board shall not accept an application for parole and shall not interview any prisoner for parole who was committed for any of the following crimes; any crime for which the prisoner received a life sentence, any crime of violence, to-wit: homicide in any degree, treason, rape where violence is an element of the crime, robbery of any kind, kidnaping, burglary when armed with a dangerous weapon, assault with intent to kill, or murder in the second degree, any crime of rape, incest, crime against nature, or committing a lewd act upon a child, or with an attempt or assault with intent to commit any of said crimes, or any prisoner serving a sentence as a habitual offender, until said prisoner has served either a period of five (5) years or one-third (⅓) of the original sentence, whichever is the least. The above limitation on parole eligibility shall affect only those prisoners who are sentenced on and after the first day of July, 1971.
 * * *."

2. *See Spanton v. Clapp,* 78 Idaho 234, 299 P.2d 1103 (1956); *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952); *Storseth v. State,* 72 Idaho 49, 236 P.2d 1004 (1951); *In re Prout,* 12 Idaho 494, 86 P. 275 (1906).

do not violate the separation of powers doctrine. The Constitution speaks only of commutations and pardons. These differ from paroles. A pardon does away with both the punishment and the effects of a finding of guilt. A commutation diminishes the severity of a sentence, e. g. shortens the term of punishment. A parole does neither of these things. A parole merely allows the convicted party to serve part of his sentence under conditions other than those of the penitentiary. The party is not "pardoned" of his guilt, nor is a portion of his sentence "commuted." He is still under the supervision of the authorities and subject to revocation of his parole should he violate the conditions thereof. Thus, we find that parole is within the legislative scope of establishing suitable punishment for the various crimes. I.C. § 20–201 et seq; *Malloroy v. State, supra; In re Prout, supra; Commonwealth v. Cain,* 28 A.2d 897 (Pa.1942); *Ex parte Peterson,* 92 P.2d 890 (Cal.1939). *See also People ex rel. Abner v. Kinney,* 195 N.E.2d 651 (Ill.1964); *State v. Powell,* 367 P.2d 553 (Mont.1961); *Pinana v. State,* 352 P.2d 824 (Nev.1960); *Application of Fredericks,* 315 P.2d 1010 (Or.1957).

■ Although not pled or briefed either in the district court or on appeal, it could be argued that Art. X, Sec. 5 of the Idaho Constitution is also in conflict with I.C. § 20–223 and/or Art. II, Sec. 1 of the Idaho Constitution. Art. X, Sec. 5 of the Idaho Constitution originally provided that the control, direction and management of state prisons would be by a board of state prison commissioners consisting of the Governor, Secretary of State, and Attorney General. In 1941, this section of the Constitution was amended to provide:

"§ 5. State prisons—Control over— The state legislature shall establish a nonpartisan board to be known as the state board of correction, and to consist of three members appointed by the governor, * * * This board shall have the control, direction and management of the penitentiaries of the state, their employees and properties, and of adult probation and parole, with such compensation, powers, and duties as may be prescribed by law." (underscored portion denotes 1941 amendment.)

The legislature implemented this constitutional amendment by enacting I.C. § 20–219, § 20–223, and § 20–234, which prescribes the powers and duties of the Board of Correction. It is true that by a strained interpretation it could be considered that this constitutional provision is either in conflict with Art. II, Sec. 1, Idaho Constitution, Separation of Powers, or that I.C. § 20–223 is in conflict with Art. X, Sec. 5, as amended. However, in construing the Constitution, certain rules of interpretation must be kept in mind. Constitutional provisions apparently in conflict must be reconciled if at all possible. *Engelking v. Investment Board,* 93 Idaho 217, 458 P.2d 213 (1969).

"Only when an irreconcilable conflict presents itself will the court seek recourse in the principles that subsequent provisions prevail over prior provisions or that specific provisions prevail over general provisions * * *." *Engelking v. Investment Board, supra,* at 221, 458 P.2d at 217.

■ The state constitution is not a grant but a limitation on legislative power so that the legislature may enact any law not expressly or inferentially prohibited by the state or federal constitutions. *Idaho Power & Light Company v. Blomquist,* 26 Idaho 222, 141 P. 1083 (1914); *St. Joe Improvement Co. v. Laumeirster,* 19 Idaho 66, 112 P. 683 (1910). We therefore interpret this constitutional provision, Art. X, Sec. 5, as placing the control, direction and management of the Adult Probation and Parole in the State Board of Correction. Further, that this section of the Constitution grants the legislature the authority to prescribe by law the compensation, powers and duties of the Department of Adult Probation and Parole; that the provision of I.C. § 20–223 granting the State Board of Correction the power to

establish rules and regulations regarding parole with certain limitations is within the power of the Legislature in prescribing the powers and duties of the State Board of Correction as mandated by Art. X, Sec. 5 of the Idaho Constitution.

▮▮▮▮ The appellant's second assignment of error contends that the classification of crimes established by I.C. § 20–223 results in a denial of equal protection of the law as guaranteed by Amendment XIV of the United States Constitution and Article I, Section 2 of the Idaho Constitution. This is because, the appellant continues, the classification is unnatural, arbitrary, and unreasonable. In challenging the constitutionality of a statute, the appellant must overcome the presumption in favor of constitutionality and clearly show the invalidity of the statute. *Leonardson v. Moon,* 92 Idaho 796, 451 P.2d 542 (1969). A reading of the statute reveals an intent by the legislature to insure a longer term of imprisonment for the more serious crimes. The fact that some are crimes of violence and others are not does not necessarily result in an unreasonable classification. While treason may or may not be of a violent nature, it is nonetheless a serious crime. In view of our prior holdings allowing the legislature to classify crimes as to the heinousness and gravity of the acts, the appellant has not met his burden of showing the invalidity of I.C. § 20–223. *State v. Ash,* 94 Idaho 542, 493 P.2d 701 (1971); *Malloroy v. State, supra; In re Mallon,* 16 Idaho 737, 102 P. 374 (1909).

▮▮▮▮ The appellant's third assignment of error argues that the statute at issue is unconstitutional because it violates the requirement of Article III, Section 16 of the Idaho Constitution that each statute be concerned with but one topic. The purpose of that provision is "to prohibit the practice of bringing together into one bill subjects diverse in their nature, and having no necessary connection * * * [and] to avoid improper influences which may result from an intermingling in one and the same bill such things as have no proper relation to each other." *State v. Banks,* 37 Idaho 27, 32–33, 215 P. 468, 469 (1923). I.C. § 20–223 was passed for the purpose of insuring longer terms of imprisonment for more serious crimes. In view of our discussion in the second assignment of error noting the legislature possesses wide discretion in the classification of crimes, I. C. § 20–223 does not run afoul of the Idaho Constitution. *Hammond v. Bingham,* 83 Idaho 314, 362 P.2d 1078 (1961).

For the reasons stated above, the decision of the district court is affirmed.

McFADDEN, SHEPARD, and BAKES, JJ., concur.

McQUADE, Chief Justice (specially concurring).

Article 2, Section 1 of the Idaho Constitution provides that branches of government in this state shall be separate and shall not exercise any of the powers given to the other branches.

> "§ 1. *Departments of government.*— The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

This Court has in the past been vigilant in upholding the doctrine of separation of powers.

> "This court always must be watchful, as it has been in the past, that no one of the three separate departments of the government encroach upon the powers properly belonging to another." [1]

Today's decision, I believe, reflects a lack of concern for this important constitutional doctrine, and compels me to file this separate opinion.

1. *State v. McCoy,* 94 Idaho 236, 241, 486 P. 2d 247, 252 (1971).

It has long been recognized in this State:

". . . that the power to define crimes and prescribe penalties belongs to the legislative department of government; that the power to try offenders, and to enter judgments convicting and sentencing those found guilty, belongs to the judicial department; *that the power and prerogative of granting pardons, paroles or commutations belong to the executive department.*"[2] [Emphasis added]

In reference to the power of the executive branch of government in the area of probation and parole, Article 10 Section 5 of the Idaho Constitution provides:

"§ 5. *State prisons—Control over.*— The state legislature shall establish a nonpartisan board to be known as the state board of correction, and to consist of three members appointed by the governor, one member for two years, one member for four years, and one member for six years. After the appointment of the first board the term of each member appointed shall be six years. *This board shall have the control, direction and management of the penitentiaries of the state, their employees and properties, and of adult probation and parole,* with such compensation, powers, and duties as may be prescribed by law." [Emphasis added.]

The enactment of I.C. § 20–223 represents an attempt by the Legislative branch to limit the power and discretion of an arm of the executive in the area of parole. The following section of this statute removes from the board of corrections the right to grant parole for certain listed crimes until the convicted individual has served a prescribed number of years.

"The board shall not accept an application for parole and shall not interview any prisoner for parole who was committed for any of the following crimes; any crime for which the prisoner received a life sentence, any crime of violence, to-wit: homicide in any degree, treason, rape where violence is an element of the crime, robbery of any kind, kidnaping, burglary when armed with a dangerous weapon, assault with intent to kill, or murder in the second degree, any crime of rape, incest, crime against nature, or committing a lewd act upon a child, or with an attempt or assault with intent to commit any of said crimes, or any prisoner serving a sentence as a habitual offender, until said prisoner has served either a period of five (5) years or one-third (⅓) of the original sentence, whichever is the least The above limitation on parole eligibility shall affect only those prisoners who are sentenced on and after the first day of July, 1971."

This provision interferes with the authority and duty of an executive agency in an area which under the state constitution was left exclusively to the executive domain. I do not believe this encroachment should receive judicial sanction.

---

2. *Spanton v. Clapp,* 78 Idaho 234, 237, 299 P.2d 1103, 1104 (1956).