639 P.2d 1

**STATE of Idaho, Plaintiff-Respondent,**

v.

**George HUGHES, Defendant-Appellant.**

**No. 13656.**

Supreme Court of Idaho.

Dec. 23, 1981.

Frederick F. Plankey and Gregory S. Goss, Twin Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Appellant George Hughes was arrested on a misdemeanor charge of driving while intoxicated in June of 1979. He entered a plea of guilty before a magistrate. The magistrate obtained a presentence investigation report which showed that Hughes had a lengthy record of DWI and related offenses. That record, not including the offense in question, is set forth in a footnote.[1] The report also indicated that since

1.

| Date | Offense | Location/Dept. | Disposition |
| --- | --- | --- | --- |
| 1968 | Driving While Intoxicated | Logan, Utah | $125.00 fine |

Note: Defendant advised of this offense, however, a record was not received to verify this arrest.

| | | | |
| --- | --- | --- | --- |
| 1–18–73 | Driving While Intoxicated | Boise, Idaho | Withheld judgment, $150 fine, 6 mo. probation |
| 10–1974 | Disorderly Conduct | Boise, Idaho | $50.00 fine |
| 1–24–75 | Driving While Intoxicated, reduced to Intoxication in Vehicle | Boise, Idaho | $75.00 fine |
| 7–3–75 | Driving While Intoxicated | Kimberly, ID, P.D. | Withheld judgment, $300 fine + $7.50 court costs, 1 yr. probation Dismissed 3–30–77 |

his June, 1979, violation, Hughes had been attempting to rehabilitate himself, having become involved with Alcoholics Anonymous and the Magic Valley Alcohol Rehabilitation Center. The report concluded with a recommendation that the court consider a suspended sentence for Hughes on the condition that he continue his rehabilitative activities and commit no alcohol related offenses.

At the sentencing hearing, the defendant testified on his own behalf. He also offered the testimony of Mr. Barry Meyers, director of the Magic Valley Alcoholic Rehabilitation Center, and Tom Stephan, a reputable resident of Twin Falls, who knew him relatively well. The testimony of these witnesses developed the positive rehabilitative efforts made by Hughes since the violation in June, and then continuing.

Sentence was imposed that Hughes be confined to the Twin Falls County Jail "for a period not to exceed six months." On appeal to the district court, the record was supplemented with the affidavits of George Hughes, Barry Meyers and Bobbie Wenzel, a counselor at the Magic Valley Alcohol Rehabilitation Center. The district court affirmed the sentence. Hughes appeals to this Court.

█ Here he argues that the district court abused its discretion in failing to modify the sentence imposed by the magistrate judge. We are not in the least so persuaded, and adopt as our own the reasoning of the district court:

"It is almost inconceivable that the defendant, here facing his *seventh* DWI, is only charged with a misdemeanor considering the fact that 49–1102, Idaho Code, makes the second or any subsequent such offense chargeable as a felony.

"It is also almost inconceivable that with six of the convictions for DWI occurring in Idaho the defendant has never had a revocation or suspension of driver's license despite 49–1102 and other sections of the Idaho Code."

We are not unmindful that the record supports the defendant's contention that he has taken positive steps to solve his problems with alcohol. Such, however, does not establish an abuse of discretion on the part of the magistrate court or the district court. The rehabilitative efforts of the defendant and his success, if any, properly may be hereafter presented in the magistrate court—which court has continuing jurisdiction until the sentence has been fully executed.

█ The defendant also argues that the sentence is improper because incarceration will cause him to lose his job.[2] Assuming this to be true, such does not establish an abuse of discretion on the part of the district court, which with wisdom and experience stated that "if he [the defendant] is as intent upon 'cleaning up his act' as he and witnesses now profess, [he] is entitled to the same work release provisions of § 20–614, Idaho Code, as any other county prisoner."

| Date | Offense | Location/Dept. | Disposition |
|---|---|---|---|
| 11–7–75 | Driving While Intoxicated | Twin Falls, ISP | Withheld judgment, $300 fine + $7.50 court costs, 1 yr. probation Dismissed 3–30–77 |
| 8–29–77 | Driving While Intoxicated | Twin Falls, ISP | $300 + $7.50, 90 days, 86 days suspended |
| 3–19–79 | Driving While Intoxicated | Wells, Nevada | $500 bond forfeit |
| 6–22–79 | Attempting to Bribe an Officer * | Twin Falls, ID, P.D. | Pending |

* This alleged offense occurred in connection with the DWI charge that is the subject of this appeal.

2. This contention is supported by the defendant's affidavit in the district court.

The defendant also contends that his sentence to a period of time not to exceed six months is an indeterminate sentence not authorized by law, and that it is therefore invalid. We agree with the district court that the sentence "is an indeterminate sentence as authorized by law and as such it is subject to the authority of the sheriff and prosecuting attorney to approve not more than five (5) days per month reduction for good time, pursuant to § 20–621, Idaho Code."

Affirmed.