# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43948

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 73 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 9, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTT ALAN MOORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying second motion to amend judgment of conviction, affirmed.

Barnum, Howell & Gunn, PLLC; Randall S. Barnum, Boise, for appellant. Matthew Gunn argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olsen argued.

---

HUSKEY, Judge

Scott Alan Moore appeals from the district court's denial of his motion to reduce his felony conviction to a misdemeanor conviction pursuant to Idaho Code Section 19-2604. Moore argues I.C. § 19-2604(3) is unconstitutional because it violates Idaho's separation of powers doctrine, violates his Fourteenth Amendment due process rights under the United States Constitution, and denies him equal protection under the Idaho and United States Constitutions. We hold I.C. § 19-2604(3) does not violate Idaho's separation of powers doctrine, Moore waived his Fourteenth Amendment due process claim by failing to provide authority, and I.C. § 19-2604(3) did not violate Moore's equal protection rights under the Idaho or United States Constitutions.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Moore pleaded guilty to aiding and abetting a robbery, I.C. § 18-6501. The district court imposed a unified five-year sentence, with two years determinate, and retained jurisdiction for 180 days. After successfully completing the period of retained jurisdiction, the district court suspended Moore's sentence and placed him on probation for five years. Moore successfully completed probation.

In 2013, the Idaho Legislature amended I.C. § 19-2604(3) to permit a defendant who had been convicted of a felony and discharged from probation to move the sentencing court to reduce the felony conviction to a misdemeanor conviction. However, the amended statute requires the prosecuting attorney to stipulate to the reduction under certain circumstances. Moore's case is one in which the prosecutor must stipulate to the reduction. In 2014, Moore moved the district court to amend his felony robbery conviction to a misdemeanor conviction pursuant to I.C. § 19-2604. The prosecutor objected to the motion, citing I.C. § 19-2604(3)(c)(ix)'s requirement of prosecutorial stipulation before the court may amend judgments of conviction for robbery if more than five years have elapsed since the defendant's discharge from probation. The district court denied Moore's motion, recognizing it had "no discretion to grant the relief sought, based on the prosecuting attorney's objection." Moore appealed from the district court's decision and this Court affirmed, holding Moore waived his constitutional arguments because he raised them for the first time on appeal and he failed to satisfy the first prong of *Perry*.[1] *See State v. Moore*, 158 Idaho 943, 354 P.3d 505 (Ct. App. 2015).

In 2015, Moore filed a second motion to amend his felony robbery conviction to a misdemeanor. The prosecuting attorney again objected. Moore argued I.C. § 19-2604(3) was unconstitutional because it violated Idaho's separation of powers doctrine, violated his Fourteenth Amendment due process rights under the United States Constitution, and denied Moore equal protection under the Idaho and United States Constitutions. The district court found I.C. § 19-2604(3) does not violate the separation of powers doctrine, nor does it violate the due process or equal protection clauses. The district court denied Moore's motion for the second time, "based solely upon the prosecuting attorney's objection." Moore timely appeals.

---

[1] *See State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010).

## II.

## STANDARD OF REVIEW

Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party challenging a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008).

## III.

## ANALYSIS

Idaho Code Section 19-2604(3)(a) provides that "a defendant who has been convicted of a felony and who has been discharged from probation may [move] the sentencing court for a reduction of the conviction from a felony to a misdemeanor." For certain crimes, including robbery, a defendant's motion may be granted only if the prosecuting attorney stipulates to the reduction. *See* I.C. § 19-2604(3)(b) and (c). If the prosecutor stipulates to the motion, the court may grant the motion only if it finds: (i) the defendant has not been convicted of any felony committed after the conviction from which relief is sought; (ii) the defendant is not currently charged with any crime; and (iii) there is good cause for granting the reduction in sentence. I.C. § 19-2604(3)(d).

On appeal, Moore asserts I.C. § 19-2604(3) is unconstitutional for three reasons. First, he argues I.C. § 19-2604(3) is facially unconstitutional because it violates Idaho's separation of powers doctrine. Second, Moore argues the I.C. § 19-2604(3) prosecutorial stipulation requirement is unconstitutional as applied because it violates his Fourteenth Amendment due process rights under the United States Constitution. Third, Moore argues the statute denies him equal protection under both the Idaho and United States Constitutions.

### A. Idaho Code Section 19-2604(3) Does Not Violate Idaho's Separation of Powers Doctrine

Moore argues the district court erred in ruling I.C. § 19-2604(3) does not violate Idaho's separation of powers doctrine. Moore argued in the district court, and now on appeal, that I.C. § 19-2604(3) violates the separation of powers doctrine by transferring a power properly belonging to the judiciary to the prosecutor. He contends this is so because the statute in this

3

case requires the stipulation of the prosecutor before the court can entertain a motion to reduce a felony conviction to a misdemeanor.

The Idaho Constitution prohibits any branch of government from exercising powers that properly belong to another branch, unless expressly directed or permitted by the Idaho Constitution. IDAHO CONST. art. II, § 1. "Our State Constitution is a limitation, not a grant of power, and the Legislature has plenary powers in all matters, except those prohibited by the Constitution." *Rich v. Williams*, 81 Idaho 311, 323, 341 P.2d 432, 439 (1959). "Because the Constitution is not a grant of power, there is no reason to believe that a Constitutional provision enumerating powers of a branch of government was intended to be an exclusive list. The branch of government would inherently have powers that were not included in the list." *Idaho Press Club, Inc. v. State Legislature*, 142 Idaho 640, 642-43, 132 P.3d 397, 399-400 (2006).

"[T]he powers reserved to the several departments of the government, but not specifically enumerated in the constitution, must be defined in the context of the common law." *State v. Branson*, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996).

> It was early held by this court that the power to define crimes and prescribe penalties belongs to the legislative department of government; that the power to try offenders, and to enter judgment convicting and sentencing those found guilty, belongs to the judicial department; [and] that the power and prerogative of granting pardons, paroles or commutations belong to the executive department.

*Spanton v. Clapp*, 78 Idaho 234, 237, 299 P.2d 1103, 1104 (1956).

The statute at issue in this case is I.C. § 19-2604(3). The district court found the judicial power alleged to be usurped by the executive branch is the power to reduce a judgment of conviction from a felony to a misdemeanor. The district court noted, "the power at issue in this case does not involve the power to enter judgments and sentence those found guilty." Rather, the district court found this power more closely aligns with the executive department's power to grant pardons, paroles, or commutations. To support its finding that this power is not within the judiciary's core zone of exclusive power, the district court distinguished *State v. Easley*, 156 Idaho 214, 322 P.3d 296 (2014) and relied upon the reasoning in *State v. Thiel*, 158 Idaho 103, 343 P.3d 1110 (2015).

Moore argues I.C. § 19-2604(3) is not analogous to the executive pardon power because the "[e]ntry and amendment of criminal judgments of conviction, like sentencing, are inherent judicial authorities." Moore asserts I.C. § 19-2604(3) allows the prosecutor to preclude a court from exercising its discretion in matters of entry of judgment of conviction. As such, Moore

4

argues the district court erred in applying the rationale of *Thiel*. Instead, Moore argues *Easley* "makes it clear that the power to sentence and enter judgments lies solely with the judiciary and cannot be subjected to a prosecutorial veto." *Easley*, 156 Idaho at 221, 322 P.3d at 303.

*Easley* involved a local practice that was acknowledged and followed by both the district court and the prosecutor, in which the prosecutor had an absolute veto over whether a defendant was accepted into mental health court. *Id.* While Easley raised a number of objections in the district court, including constitutional objections, for the first time on appeal, Easley claimed the practice violated the separation of powers doctrine. *Id.* The *Easley* Court agreed and remanded the case for resentencing to consider all available options, finding the practice constituted constitutional error. *Id.* at 223, 322 P.3d at 305. The Court reasoned, "[w]hatever authority prosecutors have as 'judicial officers,' that authority does not extend to determining sentencing when a defendant has been adjudicated guilty of a violation." *Id.* at 221, 322 P.3d at 303.

In contrast, the *Thiel* Court found no separation of powers violation in a statute that gave a sheriff commutation authority for good time. *Thiel*, 158 Idaho at 110, 343 P.3d at 1117. The Court held the good-time early release statute impacts only the period following the entry of judgment, and the statute does not encroach upon the powers of the judiciary because the "judiciary has constitutionally recognized authority in the sphere of conviction and judgment, but not in the period following the entry of judgment." *Id.* at 110-11, 343 P.3d at 1117-18. The Court also held because the executive branch has the power to pardon and commute sentences, the statute properly placed commutation authority in the hands of an executive agency, the supervising county sheriff's office. *Id.* at 111, 343 P.3d at 1118.

The facts presented in this case are more like *Thiel* than *Easley*. The Court's holding in *Easley* was premised on the fact that the local practice of a prosecutorial veto infringed upon the district court's inherent authority over pre-judgment sentencing options. However, district courts do not have similar inherent authority as it relates to a post-judgment reduction of a sentence. A district court's jurisdiction to amend a judgment in a case does not continue forever. *State v. Jakoski*, 139 Idaho 352, 354, 79 P.3d 711, 713 (2003). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* at 355, 79 P.3d at 714. Once a district court's jurisdiction to amend a judgment expires, the power of release or commutation rests with the executive branch. While

5

the initial entry of Moore's sentence was in the sole province of the district court, the district court had no authority to amend Moore's felony conviction after it was entered except in specific instances as granted by statute. Like the statute in *Thiel*, I.C. § 19-2604(3) impacts only the power in the period following entry of judgment; I.C. § 19-2604(3) does not encroach upon the powers of the judiciary. Thus, Moore's separation of powers argument is unpersuasive because there is no inherent power of the court being usurped.

**B.      Moore Waives His Procedural Due Process Claim**

Moore argues I.C. § 19-2604(3) violates his procedural due process rights under the Fourteenth Amendment to the United States Constitution as applied in this case. Moore asserts he has a "liberty interest in the decision to classify him as a non-felon, which interest is being arbitrarily and capriciously deprived by the prosecutorial stipulation requirement . . . ." A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Here, Moore fails to provide authority regarding his proposition that he does "possess a liberty interest in having the decision to reduce his felony conviction rendered by an unbiased, separate judiciary, rather than a prosecuting attorney, a member of the executive branch." Therefore, Moore waives this argument on appeal.

**C.      Idaho Code Section 19-2604(3) Did Not Violate Moore's Equal Protection Rights Under the Fourteenth Amendment to the Idaho or the United States Constitutions**

Moore argues I.C. § 19-2604(3) facially violated his equal protection rights under the Fourteenth Amendment to the Idaho and United States Constitutions. The district court held the means-focus test was inapplicable and relied on *State v. Mowrey*, 134 Idaho 751, 9 P.3d 1217 (2000) to support this finding. Further, the district court applied the rational basis test and found there was no equal protection violation because the classification was rationally related to a legitimate government purpose. Moore contends the district court erred in two ways. First, Moore argues the district court should have applied the means-focus test instead of the rational basis test because I.C. § 19-2604(3) is discriminatory on its face. Second, Moore argues that even if the district court properly applied rational basis scrutiny, it erred in finding there was a rational basis for the classification.

**1.      The district court properly applied rational basis scrutiny**

When this Court performs an equal protection analysis, it identifies the classification under attack, articulates the standard under which the classification will be tested, and then determines whether the standard has been satisfied. *Coghlan v. Beta Theta Pi Fraternity*, 133

Idaho 388, 395, 987 P.2d 300, 307 (1999). Legislative acts are presumed to be constitutional, with any doubt concerning interpretation of a statute being resolved in favor of finding the statute constitutional. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 261, 954 P.2d 676, 679 (1998). Therefore, Moore bears the burden of overcoming the presumption of the validity of I.C. § 19-2604(3). *See Meisner*, 131 Idaho at 261, 954 P.2d at 679.

Different levels of scrutiny apply to equal protection challenges. When considering the Fourteenth Amendment, strict scrutiny applies to fundamental rights and suspect classes; intermediate scrutiny applies to classifications involving gender and illegitimacy; and rational basis scrutiny applies to all other challenges. *See Meisner*, 131 Idaho at 261-62, 954 P.2d at 679-80. For analyses made under the Idaho Constitution, slightly different levels of scrutiny apply. Strict scrutiny, as under federal law, applies to fundamental rights and suspect classes. *Meisner* at 261, 954 P.2d at 679. Means-focus scrutiny, unlike the federal intermediate scrutiny, is employed "where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of a lack of relationship between the classification and the declared purpose of the statute." *Coghlan*, 133 Idaho at 395, 987 P.2d at 307 (quoting *Meisner*, 131 Idaho at 261, 954 P.2d at 679). Rational basis scrutiny applies to all other challenges. *See Coghlan*, 133 Idaho at 395, 987 P.2d at 307.

Moore argues *Mowrey* is distinguishable because it was decided prior to the amendment which added the prosecutorial stipulation requirement to I.C. § 19-2604(3). Further, Moore contends the prosecutorial stipulation requirement is not consistent with the stated purpose of I.C. § 19-2604(3). In *Mowrey*, the defendant appealed from a district court order denying his motion to amend his conviction for lewd conduct with a minor child from a felony to a misdemeanor. *Mowrey*, 134 Idaho at 753, 9 P.3d at 1219. Mowrey argued I.C. § 19-2604(3)[2] "discriminates between equally situated persons who have been convicted of sexual offenses against minors, because it allows some to have their sentences reduced to misdemeanors, while it prohibits others from the same relief who may have committed the same acts." *Mowrey*, 134 Idaho at 754, 9 P.3d at 1220. The Court, however, held means-focus scrutiny did not apply

---

[2]     At the time of Mowrey's trial, I.C. § 19-2604(3) read:

Subsection 2 of this section shall not apply to any judgment of conviction for a violation of the provisions of sections 18-1506, 18-1507 or 18-1508, Idaho Code. A judgment of conviction for a violation of the provisions of any section listed in this subsection shall not be expunged from a person's criminal record.

because "any discriminatory character between different levels of sex offenders is not apparent on the face of Section 19-2604(3). Moreover, there is no patent indication of a lack of relationship between the classification and the legislative purpose of Section 19-2604(3)." *Mowrey*, 134 Idaho at 755, 9 P.3d at 1221.

Like *Mowrey*, intermediate-level scrutiny under the Fourteenth Amendment is not appropriate because this case does not involve gender or illegitimacy. *See Meisner*, 131 Idaho at 261, 954 P.2d at 679. Further, in analyzing Moore's claim under the Idaho Constitution, it is clear that means-focus scrutiny is also inapplicable. Like in *Mowrey*, any discriminatory character is not apparent on the face of I.C. § 19-2604(3) between certain convictions requiring prosecutorial stipulation to a motion to amend a judgment of conviction and those not requiring prosecutorial stipulation. Moreover, the stated purpose of the statutory change requiring prosecutorial stipulation was "to allow courts to reduce felony convictions to misdemeanors and amend judgments of conviction in certain circumstances." Senate Judiciary & Rules Committee Minutes, Sixty-Second Idaho Legislature, Senate Bill 1151 (March 18, 2013). As the bill was explained during a Senate Judiciary and Rules Committee meeting in 2013, "it's in the court's discretion with the exception of the listed offenses which are considered more egregious offenses and would require a prosecutor's stipulation." Senate Judiciary & Rules Committee Minutes, Sixty-Second Idaho Legislature, Senate Bill 1151 (March 6, 2013). The statute's classification directly relates to the statute's stated purpose of permitting reductions for less egregious crimes. Because any discriminatory character is not apparent on the face of I.C. § 19-2604(3) and because the statute's classification directly relates to its declared purpose, means-focus scrutiny does not apply. Therefore, it is appropriate to apply rational basis scrutiny to Moore's equal protection claim.

**2.    Under rational basis scrutiny, no equal protection violation occurred because the classification is rationally related to a legitimate government purpose**

Moore argues even if rational basis applies, the district court erred in finding such scrutiny was satisfied. Under both the Idaho and United States Constitutions, a classification will pass rational basis review if it is rationally related to a legitimate government purpose and "if there is any conceivable state of facts which will support it." *Meisner*, 131 Idaho at 262, 954 P.2d at 680 (quoting *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985)). Courts applying rational basis review do not judge the wisdom or fairness of the challenged legislation. *Coghlan*, 133 Idaho at 396, 987 P.2d at 308.

Idaho Code Section 19-2604(3) requires prosecutorial stipulation to a defendant's motion to reduce a conviction from a felony to a misdemeanor if less than five years have elapsed since the defendant's discharge from probation, or if at least five years have elapsed from the defendant's discharge from probation and the defendant was convicted of one of the enumerated, more serious offenses.[3]  The legislature determined those individuals who committed the designated, more serious felonies should be categorized differently than defendants who committed less serious felonies.  The State has a legitimate interest in protecting the community, reducing crime, and deterring illegal conduct.  Because the classification is rationally related to a legitimate government purpose, there is no equal protection violation of the Idaho or United States Constitutions.

## IV.

## CONCLUSION

Moore's claim that I.C. § 19-2604(3) violates Idaho's separation of powers doctrine argument is inapplicable because there is no inherent power of the court being usurped. Although Moore argues he has a "liberty interest in having the decision to reduce his felony conviction rendered by an unbiased, separate judiciary, rather than a prosecuting attorney," he cites no authority for this proposition and, therefore, waives this claim on appeal.  Finally, the district court properly applied rational basis scrutiny and determined I.C. § 19-2604(3) does not violate Moore's equal protection rights under the Idaho or United States Constitutions.  Thus, we affirm the district court's denial of Moore's motion to reduce his felony conviction to a misdemeanor conviction pursuant to I.C. § 19-2604.

Judge GUTIERREZ and Judge GRATTON, CONCUR.

---

[3]  Idaho Code Section 19-2604(3)(c)(i)-(xv) lists the following offenses requiring prosecutorial stipulation:  Assault with intent to commit a serious felony (18-909, 18-915, Idaho Code); Battery with intent to commit a serious felony (18-911, 18-915, Idaho Code); Enticing of children (18-1509, Idaho Code); Murder in the first or second degree (18-4003, Idaho Code); Voluntary manslaughter (18-4006(1), Idaho Code); Assault with intent to commit murder (18-4015, Idaho Code); Administering poison with intent to kill (18-4014, Idaho Code); Kidnapping in the first degree (18-4502, Idaho Code); Robbery (18-6501, Idaho Code); Trafficking (37-2732B, Idaho Code); Threats against state officials of the executive, legislative or judicial branch, felony (18-1353A, Idaho Code); Unlawful discharge of a firearm at a dwelling house, occupied building, vehicle or mobile home (18-3317, Idaho Code); Cannibalism (18-5003, Idaho Code); Unlawful use of destructive device or bomb (18-3320, Idaho Code); Attempt, conspiracy or solicitation to commit any of the crimes listed above.

9