# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45829

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 25, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TRAVAS WAYNE BICKHART, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction and concurrent unified sentences of twenty years, with minimum periods of confinement of ten years, for three counts of rape and three counts of sexual battery on a child sixteen or seventeen years of age, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

The State charged Travas Wayne Bickhart with four counts of rape, I.C. § 18-6101(2), and six counts of sexual battery on a child sixteen or seventeen years of age, I.C. § 18-1508A(1)(a), for sexual offenses Bickhart committed against two separate victims. Bickhart pled guilty to three counts of rape, and three counts of sexual battery on a child sixteen or seventeen years of age. In exchange for his guilty pleas, the State dismissed the remaining charges and agreed not to file additional charges. The district court sentenced Bickhart to concurrent unified terms of twenty years, with minimum periods of confinement of ten years. Bickhart appeals, asserting that the district court abused its sentencing discretion. Specifically, Bickhart claims the district court "downplayed" Bickhart's lack of a prior criminal record "because of the number of

1

charges involved" in this case. According to Bickhart, the district court "effectively sentenced him, a first[-]time offender, as a persistent violator and failed to consider the possibility of rehabilitation in doing so." Thus, Bickhart argues, "the district court's sentencing decision is contrary to the Idaho Supreme Court's repeated holdings" that rehabilitation should be a greater consideration for first-time offenders and such offenders are entitled to more lenient treatment than habitual offenders.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In Idaho Supreme Court has state that "rehabilitation, particularly of first offenders, should usually be the initial consideration in the imposition of the criminal sanction." *State v. McCoy*, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971), *superseded by constitution,* Idaho CONST. art. V, § 13, *as stated in State v. Thiel*, 158 Idaho 103, 343 P.l3d 1110 (2015). The Court, however, continued: "Whether this can be better accomplished through the penal system or some other means, it can best be achieved by one fully advised of all the facts particularly concerning the defendant in each case and not by a body far removed from these considerations." *Id.* The Court has also stated that "the first offender should be accorded more lenient treatment than the habitual criminal." *State v. Owen*, 73 Idaho 394, 402, 253 P.2d 203, 207 (1953),

2

*overruling recognized by State v. Miller*, 151 Idaho 828, 264 P.3d 935 (2011). The Court explained that the object of this consideration is to "encourage and foster the rehabilitation of one who has for the first time fallen into error, and whose character for crime has not become fixed." *Id.* That a defendant's status as a first-time offender is considered relevant to a court's sentencing decision does not mean a court must disregard the traditional objectives of sentencing or the nature of the offense, or offenses, and the character of the offender. *See State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982). With respect to the nature of the offense, the Supreme Court has explained:

> The nature of the offense is considered primarily to determine whether the severity of the sentence is warranted. When looking at the nature of the offense, it is not just the actual harm that is considered but the threatened harm of the conduct as well. The nature of the offense and protection of the public interest go hand-in-hand because the level of protection required corresponds to the severity of the crime. The nature of the offense and protection of the public interest are weighed against the character of the offender to determine a reasonable sentence.

*Miller*, 151 Idaho at 835, 264 P.3d at 942 (citations omitted).

In this case, the district court specifically articulated the four goals of sentencing and noted that each was a factor the district court considered in its sentencing decision. Regarding Bickhart's criminal history, the district court noted the "presentence report shows virtually no prior criminal history."[1] However, the district court stated that Bickhart's lack of a criminal history did not "take away" for the crimes for which Bickhart was sentenced in this case. The district court properly viewed those crimes as serious and their impact on the child victims significant. The district court was fully advised of all of the facts of this case, which it accurately described as "alarming;" it recognized the relevant sentencing considerations; and it exercised reason in imposing six concurrent twenty-year sentences, with ten years determinate, where the maximum possible sentences are life imprisonment. We reject Bickhart's argument that the district court acted contrary to Idaho Supreme Court precedent by improperly "downplaying" Bickhart's criminal history and sentencing him as though he is a persistent violator. Bickhart's judgment of conviction and sentences are affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] The presentence investigation report indicates a prior misdemeanor conviction for "partner/family violence" when Bickhart was a juvenile.

3