961 P.2d 1211

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James BROOKS, Defendant–Appellant.**

No. 23848.

Court of Appeals of Idaho.

April 24, 1998.

Rehearing Denied June 25, 1998.

Van G. Bishop, Nampa, for appellant.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

James Edward Brooks appeals from the judgment of conviction entered following his plea of guilty to trafficking in more than one but less than five pounds of marijuana. Idaho Code § 37–2732B(a)(1)(A). The sole issue Brooks raises on appeal is whether the district court was correct in its belief that it could not commute Brooks' sentence to county jail time, but rather was bound by law to impose penitentiary incarceration. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Brooks was charged with two counts of trafficking in marijuana. I.C. §§ 37–2732B(a)(1)(A), 37–2732B(a)(1)(B). Pursuant to a plea bargain, Brooks entered an Alford plea to the first count, and the state dismissed the second count as well as a misdemeanor charge.

At the sentencing hearing, the state noted that the recommendation of retained jurisdiction contained in the presentence report could not be followed by the district court because such would violate the applicable statute, I.C. § 37–2732B(a)(1)(A). The district court stated that it also could not commute Brooks' sentence to county jail time: "I think any reading of the statute would indicate that I can't do that." The court then ordered Brooks to serve a unified five-year sentence with one year fixed.

Brooks appealed to this Court, asserting that the district court was incorrect in its interpretation of I.C. § 37–2732B(a)(1)(A), in that the court did have discretion to commute Brooks' sentence to county jail time. We disagree with this assertion and affirm the sentence.

## II.

### ANALYSIS

**The District Court Correctly Concluded That Idaho Code Section § 37–2732B(a)(1)(A) Did Not Allow It To Commute Brooks' Sentence.**

■ We note that generally a trial court has the discretion to commute a felony prison sentence and confine a defendant in the county jail. I.C. §§ 19–2601, 19–2513. However, in the case at hand, the sentence was imposed under Idaho Code § 37–2732B(a)(1)(A). This section imposes a statutory *mandatory minimum* sentence for

trafficking in marijuana if the quantity involved is more than one pound, but less than five: "[S]uch person shall be sentenced to a mandatory minimum fixed term of imprisonment of one (1) year and fined not less than five thousand dollars ($5000)." I.C. § 37–2732B(a)(1)(A). Furthermore, Article 5, Section 13 of the Idaho Constitution states, in pertinent part: "[T]he legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed *shall not be less than the mandatory minimum* sentence so provided. Any mandatory minimum sentence so imposed *shall not be reduced.*" (emphasis added).

■ A commutation of Brooks' sentence to county jail time would constitute a reduction in punishment, that is, a punishment which is diminished in severity. *Commutation,* by its very definition, diminishes the severity of a sentence. *See, e.g., Standlee v. State,* 96 Idaho 849, 852, 538 P.2d 778, 781 (1975). Commutation is the change of a punishment from a greater to a lesser, that is to one which is less severe. Black's Law Dictionary (Sixth Ed.1990). Therefore, the district court was correct in its assertion that it did not have discretionary authority to commute Brooks' mandatory minimum sentence of *imprisonment* to confinement in the county jail, as such an action is forbidden by Article 5, Section 13 of the Idaho Constitution and I.C. § 37–2732B(a)(7).[1]

Brooks' judgment of conviction, including his unified five-year sentence, with one year fixed, is hereby affirmed.

LANSING, C.J., and PERRY, J., concur.

---

1. This section not only prohibits the suspension, deferral or withholding of execution of sentence, but further declares such defendant ineligible for parole "prior to serving the mandatory minimum fixed term of imprisonment" so prescribed.