# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50144

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 25, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TYLYNN RAY EDMO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and ordering execution of reduced sentence, affirmed

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Tylynn Ray Edmo pled guilty to eluding a peace officer. I.C. § 49-1404(2). The district court sentenced Edmo to a unified term of five years with two years determinate and retained jurisdiction. Edmo filed an Idaho Criminal Rule 35 motion asking the district court to reconsider the retained jurisdiction portion of his sentence. The district court denied the Rule 35 motion. Following the period of retained jurisdiction, the district court placed Edmo on probation for a period of four years. Subsequently, Edmo admitted to violating the terms of the probation. The district court revoked Edmo's probation and ordered execution of a reduced sentence of a determinate term of four years with two years determinate. Edmo appeals, contending that the district court abused its discretion by failing to commute his sentence upon revoking probation.

1

Edmo does not contest the district court's decision to revoke his probation. Edmo argues that his sentence should have been commuted when his probation was revoked. After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). The court may also reinstate probation or order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

A trial court generally has discretion to commute a sentence other than for treason, murder, or where the legislature has imposed a mandatory minimum sentence. I.C. § 19-2601(1); *State v. Brooks*, 131 Idaho 608, 609, 961 P.2d 1211, 1212 (Ct. App. 1998). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by denying Edmo's request to have his sentence commuted and ordering execution of his reduced sentence. Therefore, the order revoking probation and directing execution of the reduced sentence is affirmed.